JULES OMAR COLE, EXECUTOR, JAMES O. COLE ESTATE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13378.   Promulgated October 31, 1928.

*Albert H. Cole, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

## OPINION.

Smith: The only issue before us is the amount of the loss sustained upon the above-described sales of Liberty bonds by James O. Cole, deceased, in the year 1921. The petitioner alleges that the basis for the determination of the loss is the par value of the bonds. No evidence has been adduced that the cost of the bonds to the decedent was their par value. The petitioner contends, however, that since the Commissioner has determined the profit on the sale of the lands in 1919 upon the basis that the Liberty bonds received in part payment therefor should be taken at the par value thereof, the bonds were purchased at par; that since the Commissioner has used such

basis in determining the profit on the sale of the lands and in ascertaining the distributable income of the trust for prior years, and since James O. Cole was required to pay and did pay additional taxes upon his part of the increased distributable income, the Commissioner can not now, for the purpose of computing the loss upon the sale of the bonds in 1921, determine a different cost for the same bonds. To preclude such action on the part of the Commissioner the petitioner would invoke, if necessary, the doctrine of estoppel.

The basis laid down by the statute for determining the profit upon the sale of the bonds in 1921 is the "cost" thereof. Section 202 (a) of the Revenue Act of 1921. The evidence of record does not show the cost of these bonds to the decedent. The bonds were acquired in exchange for real estate. The fair market value of that real estate either at the date the contract was entered into on December 28, 1918, or at the time the bonds were received by the trustees in April, 1919, is not shown. The bonds apparently had a fair market value of only 93 cents on the dollar at the time they were received in April, 1919. Their fair market value on December 28, 1918, is not shown. The Commissioner has used the basis of their fair market value in April, 1919, in determining the loss. If the consideration paid for the bonds had a greater fair market value than 93 cents on the dollar the record does not disclose it.

We think that the doctrine of estoppel has no application to this case. The trustees of the Cole & Crane Real Estate Trust contended before the Commissioner that the value of the bonds at the date of receipt by them in 1919 was only 93 cents on the dollar and that the tax liabilities of the beneficiaries of the trust for 1919 should be determined upon the basis of such fair market value for the bonds. This contention was denied by the Commissioner. If the protestants had a cause of action with respect to the decision of the Commissioner, that cause of action related to the year 1919 and not to the year 1921. The year 1919 is not before us. We can only determine the proper tax for the year 1921. The statute lays down the basis for the determination of the profit or loss on the sale of the bonds and that basis is the cost of the property. If the determination of the Commissioner with respect to the cost of the bonds to the decedent is in error, the evidence does not prove it. A showing that he used an erroneous basis for determining the profit on the sale of the land in 1919 is not a showing of the "cost" to the decedent. For lack of proof of error in the determination of the basis used by the respondent such determination must be approved.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*